UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**WINIFRED E. HAZEY**

**VERSUS**

**THE HARTFORD INSURANCE COMPANY**

**CIVIL ACTION**

**NO. 04-834-RET-CN**

# N O T I C E

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written recommendations within ten (10) days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, January 22, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**WINIFRED E. HAZEY**

**VERSUS**

**THE HARTFORD INSURANCE COMPANY**

**CIVIL ACTION**

**NO. 04-834-RET-CN**

## REPORT AND RECOMMENDATION

This is an ERISA action that was filed November 22, 2004. The Court entered the usual and customary ERISA CASE ORDER on March 30, 2005. On May 16, 2005, the Court granted the parties' Joint Motion to Stay the Proceedings. The stay was lifted on August 12, 2005, and an extension of the deadlines set forth in the ERISA CASE ORDER was granted on September 6, 2005. The case was progressing in accordance with the Order, up to and including March 24, 2006.

On November 16, 2007, Mr. Floyd Falcon, withdrew as counsel for plaintiff. The Court set an in chambers status conference for December 10, 2007, and ordered the plaintiff to appear in person for the conference if she had not yet retained new counsel. On December 10, 2007, plaintiff failed to appear at the scheduled status conference. The Court, therefore, issued an Order setting a show cause hearing for December 18, 2007, for Ms. Hazey to show why this suit should not be dismissed and other appropriate sanctions imposed for failure to appear for the status conference. Ms. Hazey failed to appear when the case was called.

In accordance with Rule 16(f) and Rule 37 (b)(2)(C) of the Federal Rules of Civil Procedure, a civil action may be dismissed by the Court for failure to comply with the Orders of the Court. In the present case, pro se plaintiff failed to comply with two (2) orders of this Court, i.e., the Order of November 16, 2007, and the Order of December 10, 2007.

Further, under Uniform Local Rule 41.3M, failure of a pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to a party or the court due to an incorrect address and no correct address is filed for a period of 30 days. The Court was informed of plaintiff's last known address on November 15, 2007, by counsel in his motion to withdraw. As of this date, pro se plaintiff has not informed the Court of any change in address, although the record shows that the Order setting the status conference (Dkt. #23) and the Order setting the show cause hearing (Dkt. #26), were returned as "Undeliverable" on December 4, 2007, and December 17, 2007, respectively.

Finally, in accordance with Uniform Local Rules, Rule 41.3, a civil action may be dismissed by the Court for lack of prosecution, <u>inter</u> <u>alia</u>, where a cause has been pending six (6) months without proceedings being taken within such period. See also, Rule 41(b),Federal Rules of Civil Procedure. This provision shall not apply, however, if the cause is awaiting action by the Court. In the present case, no matters are pending before the Court and plaintiff has failed to take any action in this matter since March 24, 2006, well over 6 months ago.

The failure of the plaintiff to prosecute this case has effectively derailed the progress of this action, and as a practical matter, the case cannot proceed if the plaintiff does not proceed. Barring the plaintiff from calling any witnesses or pursuing any defenses at a trial

would be ineffective because in the absence of the plaintiff, there can be no such trial or hearing.  Therefore, the imposition of sanctions short of dismissal, without prejudice, would be ineffective under the circumstances of this case.  <u>John v. State of Louisiana, et al.</u>, 828 F.2d 1129 (5th Cir. 1987).

## **RECOMMENDATION**

It is recommended that this matter be dismissed for failure to prosecute in accordance with Rule 41(b), Fed. Rules of Civil Procedure and Uniform Local Rules, Rule 41.3, and for failure to obey the orders of the Court in accordance with Rule 16 and Rule 37 (b)(2)(C) of the Fed. Rules of Civil Procedure.

Signed in chambers in Baton Rouge, Louisiana, January 22, 2008.

_____

**MAGISTRATE JUDGE CHRISTINE NOLAND**